IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLOBAL GROUND SUPPORT, LLC | : | CIVIL ACTION |
| v. | : | |
| GLAZER ENTERPRISES, INC. t/a ELLIOTT EQUIPMENT CO. | : | NO. 05-4373 |
| v. | : | |
| BAKER & ASSOCIATES, INC. | : | |

O'NEILL, J.                                    SEPTEMBER 29, 2008

## MEMORANDUM

Plaintiff, Global Ground Support, LLC, filed a praecipe to issue a writ of summons on June 15, 2005 in the Court of Common Pleas for Philadelphia County. Global subsequently filed a complaint on August 3, 2005 against defendant, Elliott Equipment Co. (alleged to be designated incorrectly as "Glazer Enterprises, Inc., trading as Elliott Equipment Co."). Elliott removed this case to this Court on August 16, 2005, pursuant to 28 U.S.C. §§ 1441 & 1446, asserting diversity jurisdiction, 28 U.S.C. § 1332. Elliott filed a third-party complaint against Baker on December 22, 2006. Elliott filed a motion for summary judgment on Global's claims which I considered as defendant's second motion for summary judgment.[1] In my opinion filed on this date I grant Elliott's motion for summary judgment on the claim of products liability and deny it on all other claims.

---

[1] I previously denied Elliott's motion for summary judgment with respect to plaintiff's claim that defendant breached its contract with plaintiff by failing to provide deicing equipment designed and/or manufactured to withstand the normal stresses borne by such equipment and manufactured in accordance with the contractual specifications.

Before me now is third party defendant Baker's motion for summary judgment on Elliott's claims, a response from defendant Elliott and a reply from Baker.

## BACKGROUND

In January 2001 various entities, including Global and Elliott, Fluidics and Baker, entered into contracts for the installation of twelve boom assemblies and associated deicing equipment at the Philadelphia International Airport. On January 23, 2001, Global entered into a purchase order agreement with Elliott to purchase fixed base pedestals and boom assemblies which could extend towards various aircraft during deicing activities. Under the contract, Elliott agreed to design and manufacture the pedestals and boom assemblies according to specifications provided by the airport and applicable industry standards. Baker provided engineering services for the overall de-icing boom project pursuant to a written contract with Fluidics. The general contractor of this project, Fluidics, purchased the deicing equipment from Global, and in turn, the City of Philadelphia purchased the equipment from Fluidics. Fluidics installed the pedestals and boom assemblies and they were operational as of December 2002. The City of Philadelphia accepted the equipment in April 2003.

On February 28, 2005, Robert Emerson, an employee at US Airways, allegedly fell to the ground and sustained personal injuries when one of the boom assemblies collapsed as he was operating one of deicing units on a US Airways Airbus 330. Specifically, the boom sustained a structural failure and collapsed, causing the enclosed cab, containing Emerson, to fall to the ground. Following this incident, the City of Philadelphia and the airport required the deicing equipment to be recertified and, where necessary, repaired. Emerson commenced an action against Global and other entities, including Elliott, alleging that these entities were responsible

2

for his injuries. Additionally, when the boom collapsed, it allegedly fell onto the aircraft causing approximately three million dollars worth of damage to the aircraft. US Airways commenced an action against Global and others for this damage. US Airways' action was consolidated with this action as both arise from the February 25, 2008 incident.

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment has the burden of demonstrating that there are no genuine issues of material fact. Id. at 322-23. If the moving party sustains the burden, the nonmoving party must set forth facts demonstrating the existence of a genuine issue for trial. See Anderson, 477 U.S. at 255. Rule 56(e) provides that when a properly supported motion for summary judgment is made, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The adverse party therefore must raise "more than a mere scintilla of

3

evidence in its favor" in order to overcome a summary judgment motion, and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989). However, the "existence of disputed issues of material fact should be ascertained by resolving 'all inferences, doubts and issues of credibility against'" the moving party. Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978), quoting Smith v. Pittsburgh Gage & Supply Co., 464 F.2d 870, 878 (3d Cir. 1972).

## DISCUSSION

Baker generally asserts that Elliott cannot hold it responsible for the recertification and repair of the deicing equipment that Global was required to undertake by the City of Philadelphia and any damages that Global may have sustained as a result of the incident if Elliot is found to be liable for said repairs and recertification. Elliott did not recertify or repair the equipment or reimburse Global for its losses and has alleged that Baker's modifications to the design, failure to seal the final designs, and failure to visually inspect the final pedestal deicer to discover the problem that caused the incident and the resulting repairs and recertification expenses.

### I.   Common Law Claim for Contribution and Indemnity

Contribution claims are properly asserted between joint tortfeasors. See 42 Pa. C.S. § 8321 et seq.. Contribution is not a proper claim where the underlying claims sound in contract. Carson/DePaul/Ramos v. Driscoll/Hunt, 2006 Phila. Ct. Com. Pl. LEXIS 278 (Pa. C.P. 2006). Indemnity, like contribution, is based upon a tort theory of liability. "[I]ndemnity . . . shifts the entire loss from one tortfeasor who has been compelled to pay it to the shoulders of another who should bear it instead." Walton v. Avco Corp., 530 Pa. 568, 579-80 (Pa. 1992). Elliott concedes in its reply to Baker's motion for summary judgment that it cannot seek contribution from Baker

4

pursuant to the Uniform Contribution Among Tort-feasors Act, 42 Pa.C.S.A. § 8321, et seq. (2007) if Global cannot state a cause of action in tort against Elliott. As I found in my decision in Elliott's motion for summary judgment against Global, Global does not have a cause of action in tort against Elliott for Products Liability under the North Carolina Economic Loss Doctrine. Without a tort, there can be no tort-feasor, and without a tort-feasor, there can be no right to contribution or indemnity.[2] I will grant Baker's motion for summary judgment on the claim for common law contribution and indemnity.[3]

## II.   Breach of Contract

To maintain an action for breach of contract under Pennsylvania law plaintiff must demonstrate: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages. Omicron Sys., Inc. v. Weiner, 860 A.2d 554, 564 (Pa. Super. Ct. 2004), quoting J.F. Walker Co., Inc. v. Excalibur Oil Group, Inc., 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002). Elliott admitted in its response to Baker's motion for summary judgment that Baker did not have a direct contractual relationship with Elliott or Global. However, Elliott alleges contractual duties under theories that (A) Elliott was an intended/incidental third party beneficiary under the Baker/Fluidics contract, (B) Baker created

---

[2] Baker also argues that it cannot be held solely liable to Global because it was joined as a third party defendant in this case. Elliott concedes that Baker is only liable for contribution and indemnity if Elliott is held liable. Elliott has further explained that its contention that Baker is solely liable merely meant that if Elliott is found to be liable and Baker is found liable for indemnity to Elliott, this would shift all damages to Baker.

[3] Because I am granting Baker's motion on this basis, I need not address Baker's allegations that the Gist of the Action Doctrine, the Economic Loss Doctrine, or a lack of duty bar Elliott's negligence claims.

5

an implied contract with Elliott when it assumed professional duties under its contract with Fluidics and (C) Baker and Elliott have a quasi-contract based upon Baker's unjust enrichment by Elliott's actions.

A. <u>Intended/incidental third party beneficiary breach of contract for engineering services</u>

Under Pennsylvania law, "in order for a third party beneficiary to have standing to recover on a contract, both contracting parties must have expressed an intention that the third party be a beneficiary, and that intention must have affirmatively appeared in the contract itself. <u>Scarpitti v. Weborg</u>, 609 A.2d 147, 150 (Pa. 1992), citing <u>Spires v. Hanover Fire Ins. Co.</u>, 70 A.2d 828, 830-31 (Pa. 1950)). While the Pennsylvania Supreme Court has established a narrow exception to this general rule, the exception "[does] not alter the requirement that in order for one to achieve third party beneficiary status, that party must show that both parties to the contract so intended, and that such intent was within the parties' contemplation at the time the contract was formed." <u>Burks v. Fed. Ins. Co.</u>, 883 A.2d 1086, 1088 (Pa. Super. Ct. 2005); <u>see also</u> <u>Scarpitti</u>, 609 A.2d at 150-51, noting unless "the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties," the intention to benefit the third party must be expressed in the contract itself). The Pennsylvania Supreme Court adopted the Restatement (Second) of Contracts § 302 test to evaluate whether a contract designates a third-party beneficiary. <u>Guy v. Liederbach</u>, 459 A.2d 744, 751 (Pa. 1983). Under this rule, "[u]nless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of the right to performance in the beneficiary is appropriate to effectuate the intention of the parties." <u>Restatement (Second) of Contracts</u> § 302 (1). The terms intended and incidental beneficiary used by the Restatement are more specific

terms for "third-party beneficiary," which is a short hand reference to intended third parties beneficiaries who have the ability to enforce the agreement." Chen v. Chen, 893 A.2d 87, 89 n.5 (Pa. 2006).

Elliott claims that it is the intended or incidental third party beneficiary of two contracts to which it is not a party: the Global/Baker/Fluidics teaming agreement and the Baker/Fluidics contract. The Global/Baker/Fluidics teaming agreement "to develop, negotiate, and submit a proposal" for the project was terminated when Fluidics executed its separate contracts for the project with Baker and Global before Elliott entered into the project, so I find that Elliott is not a third party beneficiary to this agreement.

Elliott also claims to be a third party beneficiary to the Baker/Fluidics contract. When construing agreements involving clear and unambiguous terms, the Court need only examine the writing itself to give effect to the parties' understanding. McMahon v. McMahon, 612 A.2d 1360, 1364 (1992) (en banc). The Court must construe the contract only as written and may not modify the plain meaning of the words under the guise of interpretation. Trumpp v. Trumpp, 505 A.2d 601, 603 (1985). The Baker/Fluidics contract is clear and unambiguous. Thus, the intent of the parties to the contract will be gathered from the language of the document only. The Baker/Fluidics contract states on its face that it does not contemplate any third party beneficiaries.[4] Thus, it is clear that it was not the intention of either, much less both, parties to bring Elliott into the contract as a third party beneficiary. While Elliott may be considered an incidental beneficiary as it did benefit from the Baker/Fluidics contract, an incidental beneficiary

---

[4] Baker/Fluidics Contract 7.6: "Nothing contained in this Part 2 Agreement shall create a contractual relationship with or a cause of action in favor of a third party against either the Design/Builder [Fluidics] or the Architect [Baker]."

to a contract has no right to enforce the contract. Isbrandtsen Co. v. Local 1291, etc., 204 F.2d 495, 498 (3d Cir. 1953). It is unclear why Elliott would want such a designation as it does not grant a cause of action. Because Elliott is not an intended third party beneficiary of either contract, I will grant Baker's motion for summary judgment on this count.

B.   Breach of Contract for Engineering Services

Elliott claims that Baker's actions in providing professional engineering services to Fluidics and Global for the deicing project which included engineering services pertaining to Elliott's deicing booms implies a contract in fact with Elliott. Under this implied in fact contract, Elliott alleges Baker breached its contractual duties to Elliott and that its failure to provide the promised professional engineering services to Global and Fluidics caused consequential harm to Elliott. Elliott has not provided and I cannot find any legal basis for this claim so I will grant Baker's motion for summary judgment on this count.

C.   Unjust enrichment

Under Pennsylvania law for quasi-contracts, a claim of unjust enrichment must allege the following elements: (1) plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit. Com. ex. rel. Pappert v. TAP Pharm. Prods., Inc., 885 A.2d 1127, 1137 (Pa. Commw. 2005). See also, Torchia v. Torchia, 499 A.2d 581, 582 (Pa. Super. Ct. 1985) noting that "to sustain a claim of unjust enrichment, a claimant must show that the party

8

against whom recovery is sought either wrongfully secured or passively received a benefit that it would be unconscionable for her to retain." (internal quotation omitted). "The polestar of the unjust enrichment inquiry is whether the defendant has been *unjustly* enriched; the intent of the parties is irrelevant." Limbach v. City of Phila., 905 A.2d 567, 577 (Pa. Commw. 2006). "In order to recover, there must be *both* (1) an enrichment, and (2) an injustice resulting if recovery for the enrichment is denied." Samuels v. Hendricks, 445 A.2d 1273, 1275 (Pa. Super. Ct. 1982) (emphasis in original), quoting Meehan v. Cheltenham Twp., 189 A.2d 593, 595 (Pa. 1963).

Elliott alleges that the benefit it provided to Baker was its services and work product without which Fluidics would not have paid Baker for reviewing the design. Elliott further alleges Baker billed for review of Elliott's design of the boom assemblies and Fluidics paid for it, but Baker did not actually conduct the review. Thus, Elliott alleges Baker was unjustly enriched by being compensated for work it did not perform which would have benefitted Elliott if Baker performed it. Elliott asserts that Baker knew of the risk of harm to Elliott if Baker did not fulfill its duties to inspect and act as engineers in the boom design project, and Elliott relied on Baker to fulfill these duties. Elliott claims that without a contract, Baker would be unjustly enriched because Baker's failure to perform the inspection caused Elliott substantial damages.

The benefit Elliott alleges is attenuated at best and does not fulfill the definition of benefit as defined under Pennsylvania case law. It is true that plaintiff "need not have directly dealt with each defendant in order to allege a claim of unjust enrichment against them. The claim of unjust enrichment simply requires that plaintiff "confer" benefits on a defendant; it does not require that plaintiff "directly confer" those benefits." Baker v. Family Credit Counseling Corp. 440 F. Supp.2d 392, 420 (E.D. Pa. 2006). See also Com. ex rel. Pappert v. Tap Pharm. Products, Inc.,

9

885 A.2d 1127, 1137-38 (Pa. Commw. 2005) finding plaintiff did not need to plead that it directly conferred a benefit on defendants for unjust enrichment claim; D.A. Hill Co. v. CleveTrust Realty Investors, 573 A.2d 1005, 1009 (Pa. 1990) stating subcontractor could recover from owner on unjust enrichment theory, even if subcontractor did not have direct contractual relationship with owner. However, the benefits in such cases involve pecuniary losses to the plaintiff; I can find no case law suggesting that having merely provided its work product to Baker in fulfillment of Elliott's agreement with Fluidics was sufficient benefit. I conclude that performing this service was not a sufficient benefit to satisfy the requirement of the unjust enrichment test.

However, even if the enrichment of Elliott were established, there would be no recovery in this case. As noted above, the mere fact that one party benefits from the act of another is not of itself sufficient to justify restitution. Torchia v. Torchia, 499 A.2d at 582. There must also be an unconscionable injustice in permitting the benefit to be retained without compensation. Id. The Restatement of Restitution sets forth various rules for determinating whether retention of a particular enrichment is unjust. Section 110 deals with the situation where a third party benefits from a contract entered into between two other parties. Restatement (First) of Restitution, § 110 (1937). It provides that, in the absence of misleading by the third party, the mere failure of performance by one contracting party does not give rise to a right of restitution against the third party. Id.

While Baker may have saved Elliott for liability if it had performed tasks Elliott alleges it failed to do, Elliott has no claim against Baker that Baker was unjustly enriched by Elliott. Baker might have been unjustly enriched by Fluidics for receiving payment for work it allegedly did not

10

complete, but this does not translate into an unjust enrichment claim for Elliott. Even with the benefit Elliott claims to have bestowed upon Baker, no unjust enrichment comes from Baker being given Elliott's design plans to review, though Baker could not have been paid for their review without it. The unjust enrichment stems from the benefit of being paid, not the benefit of receiving the design plans, so Elliott has been unable to establish their benefit caused the unjust enrichment at issue. Furthermore, it is not unconscionable or unjust to Elliott for Baker to be compensated for work it allegedly did not complete on behalf of Fluidics. I will grant Baker's motion for summary judgment on this claim.

    An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLOBAL GROUND SUPPORT, LLC | : | CIVIL ACTION |
| v. | : | |
| GLAZER ENTERPRISES, INC. t/a ELLIOTT EQUIPMENT CO. | : | NO. 05-4373 |
| v. | : | |
| BAKER & ASSOCIATES, INC. | : | |

ORDER

AND NOW, this 29 day of September, upon consideration of third party defendant Baker's motion for summary judgment, defendant Elliott's response and Baker's reply, and for the reasons set forth in the accompanying memorandum, it is ORDERED that Baker's motion for summary judgment GRANTED on all counts. Judgment is entered in favor of third party defendant and against plaintiff on all counts of plaintiff Elliott's complaint in civil action 05-4373 in the case wherein Global is a plaintiff.

THOMAS N. O'NEILL, JR., J.